# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICTOR CARDENAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-49-GKF-CDL |
| | ) | |
| EVER FRESH FARMS | ) | |
| TRANSPORTATION, INC., d/b/a | ) | |
| SPLIT ROCK; | ) | |
| SPLIT ROCK SUPPLY CHAIN | ) | |
| SOLUTIONS, INC.; | ) | |
| SPLIT ROCK TRANSPORTATION; | ) | |
| SPLIT ROCK; | ) | |
| MICHIGAN EXPRESS LINE, INC.; and | ) | |
| CEDRIC GREY, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss of defendant Michigan Express Line, Inc. [Doc. 28].  For the reasons set forth below, the motion is denied.

### I.    The Allegations

The following facts, alleged in plaintiff's Amended Complaint [Doc. 26], are taken as true for purposes of ruling on the motion to dismiss.  On January 8, 2021, a semi-truck and trailer operated by defendant Cedric Grey struck a vehicle operated by plaintiff Victor Cardenas on the Turner Turnpike in Bristow, Creek County, Oklahoma.  At the time of the collision, Mr. Grey was employed by defendants Ever Fresh Farms Transportation, Inc. and/or Split Rock Supply Chain Solutions and/or Split Rock Transportation, and/or Split Rock, and/or Michigan Express Line, Inc.

(hereinafter collectively referred to as "Trucking Defendants") and was acting negligently and within the scope of his employment.

## II.    Procedural Background

Cardenas initiated this litigation in the District Court in and for Creek County, Bristow Division, Oklahoma on January 5, 2023, and the case was removed to this court on February 10, 2023.  [Doc. 2].  In state court, on January 5, 2023, Mr. Cardenas filed a summons addressed to "Michigan Express" and identified the defendant as "Michigan Express" in the case caption.  [CJ-2023-00001, in the District Court in and for Creek (Bristow) County, Oklahoma].  On May 22, 2023, Mr. Cardenas moved to amend his complaint because "[a]fter receiving written discovery responses from Defendant Ever Fresh Farms Transportation, Inc., the Plaintiff learned for the first time that the correct name for 'Michigan Express' is 'Michigan Express Line, Inc.' and that Michigan Express Line, Inc. is also the direct employer for Defendant Cedric Grey."  [Doc. 16, ¶ 5].  Mr. Cardenas represented in his motion that he sued "Michigan Express" based on the Official Oklahoma Traffic Collision Report.  The Report identified the vehicle owner as "Michigan Express."  [*Id.* ¶ 4].

On May 31, 2023, this court granted the motion for leave to file an amended complaint. Mr. Cardenas filed his Amended Complaint [Doc. 26] on June 1, 2023.  The Amended Complaint includes the following causes of action:  negligence; gross negligence; negligence pursuant to *respondeat superior*; negligence *per se*; and negligent entrustment, hiring, retention, training and/or failing to properly supervise.  [*Id.* ¶¶ 15–16, 19, 25].  The plaintiff asserts these claims against all "Trucking Defendants," including Michigan Express Line, Inc.  [*Id.* ¶¶ 6–7].

### III.     The Motion to Dismiss

In its motion to dismiss, Michigan Express Line, Inc. contends that the two-year statute of limitations deadline for negligence and other claims not arising from contract expired on January 8, 2023.  It argues that, for plaintiff's claims to be timely, the Amended Complaint must relate back to January 5, 2023, the date plaintiff filed his state court petition.  *See* Fed. R. Civ. Pro. 15(c)(1)(C).

### IV.     Fed. R. Civ. P. 15(c)(1)(C)

Federal Rule of Civil Procedure 15(c) governs when an amended pleading "relates back to the date of the original pleading."  Fed. R. Civ. P. 15(c)(1).  "[W]hen it does relate back, the amended pleading itself is 'timely even though it was filed outside an applicable statute of limitations.'"  *Barker v. Utah Dep't of Enviro. Quality*, No. 21-4024, 2022 WL 259955, at *2 (10th Cir. Jan. 28, 2022) (unpublished)[1] (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010)).  Subsection (1)(C) applies to amendments "chang[ing] the party or the naming of the party against whom a claim is asserted."  Fed. R. Civ. P. 15(c)(1)(C).  "Rule 15's purpose is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Alqadi v. Singh*, No. 23-CV-0364-CVE-JFJ, 2023 WL 6519270, at *2 (citing *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Overall, Rule 15(c)(1)(C) contains three requirements.  First, subsection 15(c)(1)(B) must be satisfied.  Rule 15(c)(1)(B) requires the amendment to assert a claim that arises "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  This element is satisfied here because Mr. Cardenas amended his

---

[1] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

complaint to correctly identify the defendant Michigan Express Line, Inc.  The facts underlying his Amended Complaint involve the same auto accident as set out in his state court petition.

The second requirement is that, within the period provided by Federal Rule of Civil Procedure 4(m), the defendant "received such notice of the action that it will not be prejudiced in defending on the merits."  Fed. R. Civ. P. 15(c)(1)(C)(i).  The third requirement is that—also within the period provided by Rule 4(m)—the defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  Both requirements are discussed below.

## V.    Analysis

A two-year statute of limitations applies to civil actions "for injury to the rights of another, not arising on contract."  12 O.S. § 95(A)(3).  The auto accident giving rise to these claims occurred on January 8, 2021.   Plaintiff filed his state-court petition on January 5, 2023.  Therefore, the Amended Complaint must relate back to the date of the state-court petition to be timely.

Pursuant to Fed. R. Civ. P. 4(m), the time limit for service is ninety days or, alternatively, "an appropriate period" if the plaintiff shows good cause for the failure to effectuate service within ninety days.  And pursuant to 28 U.S.C. § 1448, in all cases removed from state court to federal court in which one or more defendants has not been served with process or in which service has not been perfected prior to removal, such process or service may be completed or new process issued in the same manner as in cases originally filed in federal court.  Therefore, the Rule 4(m) time limit for service began upon removal on February 10, 2023.

Michigan Express Line, Inc. asserts several arguments in its motion.  The court addresses each in turn.[2]

### a.  Due diligence

Michigan Express Line, Inc. argues that "Rule 15(c) was not intended to 'save' a plaintiff's time-barred claim due to failing to exercise diligence in prosecuting his case within the time bar prescribed by law."  [Doc. 28, p. 9].  It further argues that "there are no allegations contained in any petition filed in this matter regarding Plaintiff's inability to timely or correctly identify Michigan Express Line, Inc."  [*Id.* at 2].   However, in *Krupski v. Costa Crociere S. p. A.*, the U.S. Supreme Court instructs that, when a court considers subsection (ii) of Rule 15(c)(1)(C), it must focus its inquiry on what the defendant knew, instead of what the plaintiff should have known. 560 U.S. 538, 548 (2010).  For example, "[r]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."  *Barker*, 2022 WL 259955, at *2 (citing *Krupski*, 560 U.S. at 541).  "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* (quoting *Krupski*, 560 U.S. at 548).  "As the contrast between

---

[2] The court does not address whether, as Michigan Express Line, Inc. argues, "Plaintiff will not be actually prejudiced in maintaining his claims against Mr. Grey and/or Ever Fresh Farms Transportation Inc" because "the available insurance coverage for this loss is *not* expected to change."  [Doc. 28, p. 8].  This argument is beyond the scope of the Rule 15 issues raised in the motion to dismiss.

Michigan Express Line, Inc. also argues that "Plaintiff's proposed Amended Complaint *still* does not articulate any specific facts in support of a negligent entrustment cause of action against the "Trucking Defendants."  [Doc. 28, p. 8–9].  Here again, the argument falls beyond the scope of the Rule 15 issues raised in the motion.

Rule 15(a) and Rule 15(c) makes clear . . . the speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back." *Stuart C. Irby Co. v. Brown*, No. 13-CV-0520-CVE-FHM, 2014 WL 585099, at *8 (N.D. Okla. Feb. 14, 2014) (quoting *Krupski*, 560 U.S. at 553).   In analyzing 15(c)(1)(C)(i), courts have found that "the longer the delay in amending the complaint was, the likelier the new defendant is to have been placed at a disadvantage in the litigation.  But carelessness is no longer a ground independent of prejudice for refusing to allow relation back." *Thompson v. Dolgencorp, LLC*, 304 F.R.D. 641, 644 (E.D. Okla. 2015) (citing *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011)).

Ultimately, the Supreme Court in *Krupski* reasoned that Rule 15(c)(1)(C) "sets forth an exclusive list of requirements for relation back, *and the amending party's diligence is not among them*." *Krupski*, 560 U.S. at 553 (emphasis added).  Therefore, in deciding the issue of relation back, this court may not consider what information the plaintiff allegedly should have known.  Any alleged failure by the plaintiff to diligently investigate and correctly identify "Michigan Express Line, Inc." is outside the proper scope of analysis.

### b.  Lack of knowledge concerning identity versus mistake concerning identity

The movant cites several cases, most outside of the Tenth Circuit, for the proposition that "the mere lack of knowledge about a defendant's identity does not satisfy the 'mistake' prerequisite of Rule 15 for relation back purposes."[3]  [Doc. 28, p. 5].  However, in support of this

---

[3] Michigan Express Line, Inc. cites *Johnson v. United States Postal Service*, 861 F.2d 1475 (10th Cir. 1988) as authority for its argument that Mr. Cardenas' mistake as to the proper identity of the defendant should bar his amended complaint from relating back.  [Doc. 28, p. 8].  The court in *Johnson* based its ruling on the Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21 (1986).  However, Rule 15(c) has since been amended "to change the result in *Schiavone v. Fortune* [], with respect to the problem of a misnamed defendant."  Fed. R. Civ. P. 15 advisory

assertion, the movant cites case authority involving facts in which the plaintiff sought to substitute an unidentified/unnamed defendant with a named individual. Such substitution essentially adds new parties to the action, in contrast to correcting a mere mistake concerning the proper party's identity pursuant to Rule 15(c)(1)(C)(ii). *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Force v. City of Memphis*, 101 F.3d 702 (Table), 1996 WL 665609, at *1 (6th Cir. 1996); *Moore v. Tennessee*, 267 F. App'x 450, 452, 454–55 (6th Cir. 2008); *Stanley v. Malone*, No. 2:07-cv-694, 2009 WL 485491, at *1 (S.D. Ohio Feb. 26, 2009); *Burdine v. Kaiser*, No. 3:09CV1026, 2010 WL 2606257, at *1, *3 (suing "Fremont Police Officers" due to a "lack of knowledge about their identities" does not constitute a mistake for purpose of Rule 15(c)); *Ford v. Hill*, 874 F. Supp. 149, 151, 154 (E.D. Ky. 1995); *Dye v. City of Warren*, 367 F. Supp. 2d 1175, 1182–83 (N.D. Ohio Apr. 22, 2005); *Pierce v. Hamblen Cnty., Tenn.*, No. 2:09-CV-34, 2009 WL 2996333, at *1 (E.D. Tenn. Sept. 16, 2009); *Clark v. Oakland Cnty.*, No. 08-14824, 2010 WL 2891712, at *9 (E.D. Mich. July 22, 2010). As Chief Judge DeGiusti observed, "the mistake proviso" of Rule 15(c)(1)(C)(ii) "[was included] . . . in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" *Chrisman v. Bd. of Cnty. Comm's of Okla. Cnty.*, No. CIV-17-1309-D, 2019 WL 13133362, at *4–5 (W.D. Okla. Sept. 17, 2019) (citing *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004)). In contrast, "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule [15(c)(1)(C)(ii)]." *Id.*

---

committee's note to 1991 amendment. In short, the 1991 amendment added the reference to Rule 4(m) in Rule 15(c)(1)(C) to clarify that the new party does *not* have to receive notice of the action before the statute of limitations period expires, as opposed to the period in Rule 4(m). Steven S. Gensler & Lumen N. Mulligan, *Rule 15. Amended and Supplemental Pleadings*, *in* Federal Rules of Civil Procedure, Rules and Commentary n.244 (2023 ed.)

In his state court Petition, Mr. Cardenas identified "Michigan Express" as "a motor carrier operating under DOT number 473115 and [] a for profit corporation organized under the laws of the State of Michigan with its principal place of business located in Grand Rapids, Michigan." [Doc. 2-1, ¶ 6]. The Amended Complaint changes this language as follows: "Michigan Express Line, Inc. [] is a motor carrier and is a for profit corporation organized under the laws of the State of Michigan with its principal place of business located in Hamtramck, Michigan." [Doc. 26, ¶ 6]. The mistake plaintiff seeks to resolve is one of a misnamed defendant, not lack of knowledge of the intended defendant's identity.

Though the plaintiff "has alleged a mistake sufficient to trigger the relation back test of Rule 15(c)(1)(C), that does not end the inquiry." *Estate of Gonzales ex rel. Gonzales v. Brown*, No. 12-CV-495-JED-PJC, 2014 WL 4748604, at *7 (N.D. Okla. Sept. 23, 2014). Plaintiff must also establish that, within the period provided by Rule 4(m), Michigan Express Line, Inc. (i) received such notice of the action that it will not be prejudiced in defending on the merits, and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

In plaintiff's response to the Motion to Dismiss, he states that "[a]fter receiving written discovery responses from Defendant Ever Fresh Farms Transportation Inc., the Plaintiff learned for the first time that the correct name for 'Michigan Express' is 'Michigan Express Line, Inc.' and that Michigan Express Line, Inc. is also the direct employer for Defendant Cedric Grey." [Doc. 32, ¶ 5]. In its motion, Michigan Express Line, Inc. states that plaintiff's written discovery requests were submitted on March 14, 2023. [Doc. 28, p. 5]. Thus, although it is likely that, within the period provided by Rule 4(m) as extended by 28 U.S.C. § 1448, Michigan Express Line Inc. (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity, this court cannot make a definitive ruling on the issue based on the evidence presented to date.  The court may not speculate as to what Michigan Express Line, Inc. knew within the period provided by Rule 4(m) as extended by 28 U.S.C. § 1448. The issue of relation back should be determined "upon a relevant evidentiary record, rather than upon speculation as to what notice [Michigan Express Line, Inc.] had of the action and what [it] knew or should have known." *Gonzales*, 2014 WL 4748604, at *8.

Therefore, the court concludes that the relation back issues should be determined at the summary judgment stage, should defendant Michigan Express Line, Inc. decide to file such a motion.

## VI.    Conclusion

WHEREFORE, the Motion to Dismiss of Michigan Express Line, Inc. [Doc. 28] is denied.

Movant's request that discovery be limited to the singular issue of whether the requirements of Rule 15(c)(1)(C) have been met [Doc. 28, p. 9] is denied.

IT IS SO ORDERED this 2nd day of November, 2023.


GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE